# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1089V
Filed: November 7, 2016
TO BE PUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |  |
|---|---|---|
| HOWARD MCCOSH, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Appropriate Hourly Rate; |
| SECRETARY OF HEALTH | * | Rate for Travel; Special |
| AND HUMAN SERVICES, | * | Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Amber Wilson, Ph.D., Maglio, Christopher and Toale, PA, (DC), Washington, DC, for petitioner.*
*Glenn MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 7, 2014, Mr. McCosh filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on January 15, 2013. Petition at 1-2. On March 24, 2016, the undersigned issued a decision awarding $289,861.09 in compensation to petitioner based on the parties' stipulation. (ECF No. 34). Judgment entered on March 25, 2016. (ECF No. 36).

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 8, 2016, petitioner filed a motion requesting $19,567.90 in attorneys' fees and $2,362.55 in attorneys' costs for a total amount of $21,930.45. Motion for Attorneys' Fees and Costs ("Pet. Motion") at ¶ 2 (ECF No. 39). Petitioner incurred no out-of-pocket expenses.[3]

On August 24, 2016, respondent filed a response to petitioner's motion. (ECF No. 40). Respondent indicates she "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." *Id.* at 1. Respondent further indicates "[her] lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

For the reasons discussed below, the undersigned reduces the amount requested by petitioner and awards **$16,205.50** in attorneys' fees and **$2,362.55** in attorneys' costs for a total award of **$18,568.05.**

## I.     Legal Standard for Determining the Amount of Fees and Costs

Since petitioner was awarded compensation for her injury, she is entitled to an award of reasonable attorneys' fees and costs. § 15(e)(1) (emphasis added). As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521.

A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is very significantly lower than the forum rate. *Avera*, 515 F.3d at 1349. If these two requirements are met, the *Davis* exception applies, and that petitioner's counsel is paid according to the local rate. *Id.*; *see Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Reasonable expert costs are calculated using the same lodestar method as is used

---

[3] In compliance with General Order #9, petitioner filed a signed statement indicating she incurred no out-of-pocket expenses. *See* Exhibit 16, filed as an Attachment to Pet. Motion. Additionally, in accordance with General Order #9, petitioner's counsel indicated in the motion for attorneys' fees and costs that petitioner incurred no out-of-pocket expenses. *See* Pet. Motion at ¶ 3.

when calculating attorneys' fees.  *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  They are entitled to rely on their prior experience and, based on experience and judgment, may reduce the number of hours to an amount reasonable for the work performed.  *Saxton*, 3 F.3d at 1521.  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson*, 24 Cl. Ct. at 484.  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

## II.   Appropriate Amount of Attorneys' Fees and Costs

### A. Appropriate Hourly Rates

Petitioner seeks attorneys' fees in the amount of $19,567.90 which reflects the following hourly rates:  $295 for work performed in 2014-15 and $301 for work performed in 2016 by petitioner's counsel, Amber Wilson, Ph.D., and $95 to $145 for work performed by various paralegals at petitioner's counsel's firm, Maglio, Christopher & Toale, PA ("the Maglio firm").  Exhibit 14, filed as an Attachment to Pet. Motion, at 1-19.  Petitioner also seeks the full hourly rate for her attorney while traveling.  *Id.* at 8.

To support the hourly rates sought, petitioner has filed declarations from Ms. Wilson, and Altom Maglio, the managing partner at her firm.  *See* Exhibits 17-18, filed as Attachments to Pet. Motion.

### 1. Hourly Rate for Petitioner's Counsel, Amber Wilson, Ph.D.

According to Ms. Wilson's declaration, she was admitted to practice in Florida on September 27, 2012.  Exhibit 17 at ¶ 2.  Prior to law school, she earned a masters degree in Genetics and a doctorate degree in Molecular and Cellular Pharmacology.  *Id.* at ¶¶ 5-6.  In 2013-14, she worked for approximately one year as a law clerk in the Office of Special Masters, U.S. Court of Federal Claims.  *Id.* at ¶ 10.  She joined the Maglio firm in 2014, and her practice consists primarily of Vaccine Program cases.  *Id.* at ¶¶ 11, 13.  As explained in Mr. Maglio's declaration, Ms. Wilson's rates were set by

the law firm's fees committee in light of the court's recent decision in *McCulloch*.[4] Exhibit 18 at ¶¶ 13-14.

In the *McCulloch* case, Special Master Gowen exhaustively examined the question of appropriate hourly forum rates in the Vaccine Program following the breakdown of respondent's long standing agreement with petitioner's counsel in that case. *See McCulloch*, 2015 WL 5634323, at *3-4 (for background information regarding these events). Special Master Gowen determined the appropriate rates for the attorneys at that firm but also established tiered ranges of appropriate forum rates based on years of legal experience. The reasoning and hourly rates set in *McCulloch* have since been widely followed.

After discussing the potential approaches to setting a forum rate and reviewing cases and material from both within and without the Vaccine Program, Special Master Gowen concluded in *McCulloch* that the following factors should be considered when determining the appropriate hourly rate: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large. *McCulloch,* 2015 WL 5634323, at *17. He calculated the following ranges for reasonable forum rates in Vaccine Program cases:

$350 to $425 per hour for attorneys with 20 or more years of experience;
$300 to $375 per hour for attorneys with 11 to 19 years of experience;
$275 to $350 per hour for attorneys with eight to ten years of experience;
$225 to $300 per hour for attorneys with four to seven years of experience; and
$150 to $225 per hour for attorneys with less than four years of experience.

*Id.* at *19. Special Master Gowen noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases." *Id.* He added that an attorney's level of experience may be increased for legal work performed during law school such as an internship in the Vaccine Program or prior judicial clerkship, especially for attorneys with experience of less than four years. *Id.* The undersigned finds the *McCulloch* decision, which is extensively reasoned, to be highly persuasive and adopts its reasoning, as well as the above ranges, for the instant analysis.

Since Ms. Wilson is located in the forum, Washington, DC, she is unquestionably entitled to forum rates. Thus, it is only necessary to determine her years of experience and hourly rate within the appropriate range considering the factors described by Special Master Gowen. Ms. Wilson had two to three years of experience in 2014-15

---

[4] *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Although the parties in *McCulloch* did not seek review, much of the reasoning of the *McCulloch* decision was later examined approvingly in *Garrison v. Sec'y of Health & Human Servs.*, No. 14-762V, --- Fed. Cl. ---, 2016 U.S. Claims LEXIS 1274, (Fed. Cl. Aug. 17, 2016).

and did not reach the four year level until 2016. Nevertheless, petitioner requests an hourly rate of $295 for 2014-15 which is greater than the range proposed in *McCulloch* for an attorney with less than four years, $150 to $225 per hour. Additionally, the rate requested by petitioner is higher than the rates awarded for three of the attorneys in *McCulloch*, all with greater legal experience than Ms. Wilson, five to seven years of experience.[5]

Although Ms. Wilson has an advanced degree and additional expertise due to her time as a law clerk, these factors influence the rate to be awarded within the appropriate range. They do not warrant a move to a higher range. Other attorneys having an advanced degree helpful to their work in vaccine cases have been awarded hourly rates consistent with the range appropriate for their years of experience. *See, e.g., Stanford v. Sec'y of Health & Human Servs.*, No. 14-1216V, 2016 WL 3176599 (Fed. Cl. Spec. Mstr. May 15, 2016) (awarding an hourly rate of $400 for an attorney with 20 years of experience and a medical degree, Dr. Firestone).

For work performed in 2016 by Ms. Wilson, petitioner requests an hourly rate of $301. In 2016, Ms. Wilson moved into the next higher *McCulloch* range, four to seven years of experience.[6] Although the rate requested is one dollar more than the maximum rate for 2014-15 set in *McCulloch*, it is within the range if the rates are adjusted upward for this subsequent year.[7] It would be, however, close to the maximum amount for that range.

---

[5] Specifically, the following rates were awarded in the *McCulloch* decision:

| | |
|---|---|
| Kevin Conway (45 years legal experience, 26 years vaccine experience) | $415 |
| Ronald Homer (24 years legal experience, 22 years vaccine experience) | $400 |
| Sylvia Chin-Caplan (30 years legal experience, 22 years vaccine experience) | $400 |
| Christine Ciampolillo (6 years vaccine experience) | $300 |
| Amy Schwader (7 years vaccine experience) | $285 |
| Joseph Pepper (6 years legal experience, 5 years vaccine experience) | $290 |
| Meredith Daniels (5 years vaccine experience) | $280 |
| Law Clerks | $145 |
| Paralegals | $135 |

*McCulloch*, 2015 WL 5634323, at *19-21.

[6] Although Ms. Wilson reached this four year mark on September 27, 2016, the undersigned declines to penalize her for providing more accurate information than is often provided in these cases, i.e. the exact date of her licensure rather than simply the year. Exhibit 11 at ¶ 2. Going by the year of her licensure, Ms. Wilson is considered as being in the four to seven year range for work performed in 2016.

[7] As discussed in *McCulloch*, special masters "often used different rates for different years, such as granting a $10 per year increase for each year in which the case continued." 2015 WL 5634323, at *16. When crafting the 2014-15 rates set forth in *McCulloch*, Special Master Gowen examined the results reached by adjusting rates awarded in earlier years to 2014 applying the CPI rate of growth and the rate of growth that lawyer rates rose in 2013, according to the "Real Rate Report for 2014" ("RRR"), 3.7%. *Id.*

Again, Ms. Wilson's advanced degree and experience as a law clerk warrant a higher rate within the *McCulloch* range corresponding to her level of experience. Additionally, Ms. Wilson consistently performs quality work as she did so in this case. Still, her level of experience is on the low end of this range. While the undersigned finds she should be awarded a higher rate within the range, she should not yet receive the maximum amount allowable.

Considering Ms. Wilson's skill, experience, quality of work, and reputation and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that the appropriate hourly rate for Ms. Wilson's work performed in 2014-15 is $225 and in 2016 is $275.

### 2. Discounted Rate for Hours Spent Traveling

Petitioner seeks payment for travel time expended by Ms. Wilson to visit petitioner. *See* Exhibit 14 at 8. In his declaration, Mr. Maglio emphasizes the firm's policy of visiting petitioners in all cases, including contingency cases as well as vaccine cases. Exhibit 18 at ¶ 8. The undersigned notes that Ms. Wilson has reduced the fees and costs for this travel by combining several trips and splitting the hours and costs billed accordingly. *See* Exhibit 14 at 8 (entries dated 1/19/15 and 1/23/15). Counsel is commended for her efforts to reduce costs in these cases, and the undersigned finds this amount of time to be appropriate. However, petitioner seeks Ms. Wilson's full hourly rate for her travel time. *See* Exhibit 14 at 8 (entries dated 1/19/15, 1/19/15, 1/20/15 and 1/23/15).

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at \*24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at \*21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at \*12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

In this case, one of the entries related to travel also describes tasks which should be compensated at Ms. Wilson's full rate, such as the visit with petitioner. *See* Exhibit 14 at 8 (entry dated 1/20/15). Petitioner is reminded to avoid block billing where one entry corresponds to several different activities. The total time for this entry is five hours. It appears that the travel described, driving from the airport to petitioner's home

---

at 9, 16, 16 n.32. In *Garrison*, Special Master Gowen again relied on the 3.7% increase from the RRR when adjusting rates upwards. 2016 U.S. Claims LEXIS 1274, at \*3.

and back, would require less time than the other tasks. The undersigned finds that one hour of this time should be compensated at one-half of Ms. Wilson's usual hourly rate.

The remaining entries total 1.4 hours. *See id.* (entries dated 1/19/15, 1/19/15, and 1/23/15). Thus, the undersigned finds that a total of 2.4 hours should be compensated at one-half of petitioner's usual rate for 2015, $225.

### 3. Paralegal Rates

As indicated in Mr. Maglio's declaration, the paralegals who are Florida Registered Paralegals bill at a rate of $135 per hour. Exhibit 18 at ¶¶ 20-23. Paralegals working on the firm's non-vaccine matters have billed at a rate of $150 per hour. *Id.* at ¶ 27. In this case, much of the paralegal work was billed at a rate of $145 while some work was billed at a rate of $95 or $135.

Two of my colleagues recently addressed the issue of paralegal rates for the Maglio firm. *See Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 2015 WL 3526559 (Fed. Cl. Spec. Mstr. May 15, 2015), *aff'd* 124 Fed. Cl. 224 (2015); *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). In *Scharfenberger*, the special master found the rates up to and including $125 to be appropriate but reduced all higher rates to that maximum amount. 2015 WL 3526559, at *10. In *O'Neill*, the special master accepted all rates as reasonable, but the highest rate billed in that case was $135 per hour. 2015 WL 2399211, at *14.

The undersigned finds that the rates billed for paralegal work in this case are reasonable, and will compensate petitioner at those rates.

### B. Appropriate Amount of Costs

Petitioner seeks payment for costs totaling $2,362.55. Petitioner has included the receipts or other documentation for the majority but not all of these costs.

"It is petitioners' burden to substantiate costs expended with supporting documentation such as receipts, invoices, canceled checks, etc." *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004). Special masters, however, have awarded compensation for costs without documentation when "satisfied that the costs incurred were related to the proceedings . . . and were reasonable." *Erickson v. Sec'y of Health & Human Servs.*, No. 96-361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also Ceballos*, 2004 WL 784910, at *13; *English*, 2006 WL 3419805, at *14-15 (allowing payment for computer research even though no documentation was provided).

In this case, petitioner has failed to provide receipts for eleven items. *See* Exhibit 15 at 1-44 (entries dated 11/11/13, 11/7/14, 11/24/14, 11/24/14, 1/29/15, 2/23/15, 3/2/15, 3/2/15, 3/17/16, 3/30/16, and 5/26/16). All are under $50, but due to the large

number of missing receipts, the total amount is $135.86.  *See id.* at 1-2.  Additionally, petitioner has included one receipt in the amount of $25 for which there is no corresponding billing entry.  *See id.* at 37-38.

Petitioner is reminded to include all receipts in the future.  Nevertheless, the undersigned finds the undocumented amounts in this case to be reasonable and related to the proceedings in this case and awards all costs requested by petitioner.

### C. Amounts Deducted

Petitioner billed 43.10 hours of time for work performed by Ms. Wilson in 2014-15 at a rate of $295.  The undersigned has determined that an appropriate rate for Ms. Wilson's work in 2014-15 is $225.  Thus, petitioner's award is reduced by the resulting difference, **$3,017.**  Petitioner billed 2.9 hours at a rate of $301 for work performed by Ms. Wilson in 2016. Because the undersigned has determined that an appropriate rate for Ms. Wilson's work in 2016 is $275, petitioner's award is further reduced by the resulting difference, **$75.40.**

The undersigned also has determined that petitioner shall be paid for Ms. Wilson's time spent traveling at one-half of her normal hourly rate.  The undersigned calculates 2.4 hours of travel time for Ms. Wilson.  Thus, petitioner's award is further reduced by **$270** to reflect the reduction in hourly rate from $225 to $112.50.  The total amount deducted from the amount of <u>attorneys' fees</u> requested by petitioner is **$3,362.40.**

The specific reductions are as follows:

**Attorneys' Fees:**

| Category of Hours | Hours Sought | Hours Paid | Rate Sought | Rate Paid | Amount Deducted | Amount Paid |
|---|---|---|---|---|---|---|
| 2014-15 Work by Ms. Wilson | 43.10 | 43.10 | $295 | $225 | $3,017 | $9,697.50 |
| 2016 Work - Ms. Wilson | 2.9 | 2.9 | $301 | $275 | $75.40 | $797.50 |
| Further Deduction for Travel Time | 2.4 | *Included in 43.10 above* | *$295 but already reduced to $225* | $112.50 | $270.00 | *Already included in $9,697.50 above* |
| Paralegal Work | | | $95 to $145 | $95 to $145 | $0 | $5,710.50 |
| **Total for Fees** | | | | | $3,362.40 | **$16,205.50** |

**Attorneys' Costs:**

| Description | Amount Billed | Amount of Receipt | Amount Deducted | Amount Paid |
|---|---|---|---|---|
| Documented Costs | $2,226.69 | $2,226.69 | $0.00 | $2,226.69 |
| Undocumented Costs | $135.86 | | $0.00 | $135.86 |
| | | | | |
| **Total for Costs** | | | $0.00 | **$2,362.55** |

### III. Conclusion

The undersigned has determined that an appropriate hourly rate for petitioner's counsel in this case, Dr. Amber Wilson of Maglio, Christopher & Toale, PA is $225 for work performed in 2014-15 and $275 for work performed in 2016. Additionally, the undersigned finds that counsel should be paid one-half of her normal rate for time spent traveling. No deduction in the costs requested is warranted.

The undersigned awards **$16,205.50** in attorneys' fees and **$2,362.55** in attorneys' costs for a total award of **$18,568.05[8] payable jointly to petitioner and petitioner's counsel, Amber Wilson.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

                                    **s/Nora Beth Dorsey**
                                    Nora Beth Dorsey
                                    Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.